```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x
DAVID WALLACE LEVERS,                       Case No.

                                            COMPLAINT
                    Plaintiff,
                                            PLAINTIFF DEMANDS
        - against -                         A TRIAL BY JURY

MOUNT ST. MARY COLLEGE, CARLOS TONCHE,
JR. and JANNELLE HAUG,

                    Defendants.
- - - - - - - - - - - - - - - - - - - x
```

Plaintiff, David Wallace Levers, by his attorneys, The Law Offices of Daniel W. Isaacs, PLLC, complaining of the defendants, Mount St. Mary College, Carlos Tonche, Jr. and Jannelle Haug, alleges as follows:

**NATURE OF THE ACTION**

1. This action arises from defendants' violation of plaintiff's rights guaranteed under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. Section 1232g, by releasing a transcript of his academic record and testifying regarding same in the Family Court of the State of New York County of Orange without first providing proper notification as required by the statute.

e

2. That as a direct result of Defendant's violation of FERPA plaintiff was caused to suffer serious damage and injury including, *inter alia*, emotional distress.

3. This action is therefore brought seeking damages pursuant to 42 U.S.C. Section 1983 to redress the violation of Plaintiff's constitutional rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 (federal question jurisdiction) and 1343(a) (civil rights jurisdiction) because this action is filed to obtain relief for the deprivation of the rights of a citizen of the United States secured by the United States Constitution and federal law pursuant to 42 U.S.C. Section 1983.

## VENUE

5. As plaintiff is a resident of the County, City and State of New York venue is proper in the District pursuant to 28 U.S.C. Section 1391(b)(1).

## THE PARTIES

6. That at all times hereinafter mentioned the Plaintiff, David Wallace Levers (hereinafter "Levers"), is a resident of the County, City and State of New York.

7. That the defendant, Mount St. Mary College ("St. Mary"), is a private liberal arts four-year college founded in 1959 and

e

located in Newburgh, New York.

8. That upon information and belief and at all times hereinafter mentioned the defendant, St. Mary, is the receipient of Federal funding.

9. That upon information and belief and at all times hereinafter mentioned the defendant, Carlos Tonche Jr. ("Tonche") was St. Mary's Registrar.

10. That upon information and belief and at all times hereinafter mentioned the defendant, Jannelle Haug ("Haug"), currently serves as St. Mary's Registrar.

**FACTUAL ALLEGATIONS**

11. That Levers was a student at St. Mary's, attending the school between 2001 and 2004.

12. That in 2017 Levers was the Petitioner in a Custody Proceeding under Article 6 of the Family Court Act that was pending in the Family Court of the State of New York County of Orange File No. 546,256.

13. That unbeknownst to Levers on/or about October 27th, 2017, Howard Alan Kave, Esq., attorney for the Respondent in said proceeding issued a Subpoena Duces Tecum on defendant Tonche directing him to appear on November 27th, 2017, to testify on behalf of the Respondent concerning the records of any degrees conferred by defendant St. Mary upon Levers.

e

14.  Defendants failed to notify Levers of their receipt of this subpoena.

15.  On November 27th, 2017, defendant Haug appeared as directed pursuant to Kave's subpoena, disclosed Levers' academic records and testified on behalf of the Respondent.

16.  Defendants release of Levers' educational records despite their failure to notify him of the subpoena in advance of Haug's appearance violated section 1232g(b)(2) of the Family Educational Rights and Privacy Act.

17.  That by reason of the foregoing Levers was caused to suffer damages including, *inter alia*, emotional distress.

**AS AND FOR A CAUSE OF ACTION FOR THE
VIOLATION OF 42 U.S.C. SECTION 1983**

18.  Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "17" of this complaint with the same force and effect as if set forth at length herein.

19.  That as a result of the illegal and improper acts alleged, all of which were done intentionally and with deliberate and undue callous disregard of plaintiff's rights, Levers was deprived of his Constitutional Rights secured under the 5th and 14th amendments of The Constitution of the United States and 42 U.S.C. Section 1983.

20.  Levers was deprived of a protected liberty interest without due process of law when Defendants publicly released

e

-4-

...
...

his academic record and testified regarding same without having first providing him with notice as required by 20 U.S.C. Section 1232g.

21. Defendants intended to violate Plaintiff's constitutional rights, knew their actions violated the plaintiff's rights and/or acted with reckless disregard for whether their actions violated the Plaintiff's rights.

22. Levers has suffered, continues to suffer and will in the future suffer economic loss due to Defendants' impermissible conduct.

23. Levers has suffered, continues to suffer and will in the future suffer emotional distress due to Defendants' impressible conduct.

24. Pursuant to U.S.C. Section 1983 Defendants, in their individual capacity are jointly and severally liable to the Plaintiff for the financial losses he has and will suffer as well as compensatory damages for the emotional harm Levers has suffered.

25. Since Defendants acted intentionally and in a wanton and reckless disregard of the Plaintiff's constitutional rights, the Plaintiff is entitled to punitive damages against Defendants jointly and severally.

26. Plaintiff is entitled to reasonable attorneys' fees, costs and disbursements incurred in the prosecution of this

e

action.

27. **WHEREFORE,** Plaintiff prays for judgment as set forth below.

### AS AND FOR A SECOND CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (AGAINST ALL DEFENDANTS)

28. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "27" of this complaint with the same force and effect as if set forth at length herein.

29. The Defendants' deliberate and malicious indifference to their obligations under FERPA as set forth above was extreme, outrageous and beyond the reasonable bounds of decency tolerated by decent society.

30. That Defendants intended to cause and/or disregarded a substantial probability of causing severe emotional distress and, because of the reprehensible and outrageous nature of their acts, Levers is entitled to, and should be awarded, punitive damages against each of the Defendants.

31. That there exists a causal connection between Defendants' unlawful conduct and Levers' emotional distress.

32. WHEREFORE, Plaintiff prays for judgment as set forth below.

e

PRAYER FOR RELIEF

**On the First and Second Claims for Relief:**

1. For general damages according to proof at trial;

2. Punitive damages in an amount to be proven at trial;

3. For such other legal and equitable relief as the Court may deem Plaintiff is entitled to receive.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure Plaintiff demands a trial by jury in this action.

Dated:  East Rockaway, New York
        October 28, 2019

> Yours, etc.
>
> **LAW OFFICES OF DANIEL W. ISAACS, PLLC**
>
> By:_____
>   DANIEL W. ISAACS, ESQ. (DI-5179)
>   Attorneys for Plaintiff
>   137 West Boulevard
>   East Rockaway, New York 11518
>   (646) 438-2100

e