```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
DAVID WALLACE LEVERS,                     :
                                          :
                         Plaintiff,       :      19cv10458 (DLC)
                                          :
                -v-                       :      MEMORANDUM OPINION
                                          :           AND ORDER
MOUNT ST. MARY COLLEGE, CARLOS TONCHE,    :
JR. and JANNELLE HAUG,                    :
                                          :
                         Defendants.      :
                                          :
----------------------------------------- X
```

APPEARANCES

For plaintiff:
Daniel William Isaacs
Law Offices of Daniel W. Isaacs, PLLC
401 Broadway, Ste. 612
New York, NY 10013

For defendants:
Steven Leon Banks
Thomas, Drohan, Waxman, Petigros & Mayle LLP
2517 Route 52
Hopewell Junction, NY 12533

DENISE COTE, District Judge:

    Plaintiff David Wallace Levers has brought this 42 U.S.C. § 1983 action against Mount St. Mary College ("St. Mary"), as well as Carlos Tonche, Jr. and Jannelle Haug, the past and present registrars of St. Mary. Levers alleges that the defendants violated the nondisclosure provisions of the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, by disclosing Levers' academic records at a custody dispute

proceeding in the Family Court of the State of New York County of Orange.

On January 30, 2020, the defendants moved to dismiss this action, primarily arguing that FERPA does not create a federal right that is enforceable under § 1983. This motion was fully submitted on March 5.[1]

Section 1232(g), FERPA's non-disclosure provision, provides in relevant part,

> No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of releasing, or providing access to, any personally identifiable information in education records . . . unless . . . such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that . . . the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency . . . . .

20 U.S.C. § 1232g(b)(2)(B). The non-disclosure provisions, however, "create no rights enforceable under § 1983." Gonzaga University v. Doe, 536 U.S. 273, 290 (2002).

As it is well-settled law that FERPA creates no federal right that is enforceable under § 1983, Levers' § 1983 claim

---

[1] Levers also brought a New York state law claim for negligent infliction of emotional distress. The defendants sought dismissal of this claim on the ground that the Court should not exercise pendent jurisdiction over the state law claim in the event that the § 1983 claim is dismissed, and, in any event, the complaint does not plausibly allege a claim for negligent infliction of emotional distress. Levers' opposition does not address his state law claim, so the Court deems it abandoned.

must be dismissed.[2]  Levers' sole argument to the contrary cites pre-Gonzaga case law that was abrogated by Gonzaga.  See Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 782-83 (2d Cir. 2002).

## Conclusion

The defendants' January 30, 2020 motion to dismiss is granted.  The Clerk of Court shall close this case.


Dated:    New York, New York
          April 21, 2020

                                    _____
                                    DENISE COTE
                                    United States District Judge

---

[2] Because this motion may be resolved on the ground that FERPA does not create a federal right enforceable under § 1983, it is not necessary to reach the defendants' argument that dismissal is warranted because the defendants are not state actors.

3